**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 20-3072 & 20-3076

UNITED STATES OF AMERICA

v.

DENZEL GLOVER,
                                Appellant

On Appeal from the
United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2-19-cr-00013-001 & 2-20-cr-00070-001)
The Honorable Donetta W. Ambrose

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 12, 2021

Before: HARDIMAN, MATEY, and SCIRICA, *Circuit Judges*

(Opinion filed: November 19, 2021)

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Denzel Glover, a previously convicted felon, was arrested for carrying two concealed handguns. He moved to suppress the firearms, alleging the arresting officer lacked reasonable suspicion for the stop. The District Court denied the motion, and this appeal followed. But Glover waived the argument he now advances, and in any event, the arresting officer's personal knowledge created reasonable suspicion. So we will affirm the District Court's order.

## I. BACKGROUND

Pittsburgh police officers responding to a report of domestic violence observed a man later identified as Glover who fit the suspect's description. They also recognized Glover from internet posts depicting Glover carrying firearms. And they knew Glover to be affiliated with a local gang, known for violent behavior. Finally, based on the internet images and reports from detectives, the officers believed Glover was a minor under the age of twenty-one.

As the officers approached, Glover turned his body away from the patrol car and reached toward his waistband. Stepping out of their car, both officers saw an L-shaped object inside Glover's jacket. The officers restrained Glover and discovered two handguns on his person. Glover was indicted for multiple firearms offenses and moved to suppress the weapons. The District Court denied the motion, and Glover entered a guilty plea preserving his right to appeal that ruling. Finding no error, we will affirm.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction in Case No. 20-3076 under 28 U.S.C. § 1291. As noted, while Glover was

## II. DISCUSSION

Glover argues the District Court erred by denying his motion to suppress the firearms found on his person. We review the factual findings of the District Court for clear error, and exercise plenary review over legal determinations. *United States v. Lewis*, 672 F.3d 232, 236–37 (3d Cir. 2012).

### A.    Waiver

Under a long-standing reading of the Fourth Amendment, "[w]hen a police officer has 'a reasonable, articulable suspicion that criminal activity is afoot,' he or she may conduct a 'brief, investigatory stop.'" *United States v. Whitfield*, 634 F.3d 741, 744 (3d Cir. 2010) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)). Pennsylvania prohibits anyone from carrying a concealed handgun without a license, 18 Pa. Cons. Stat. Ann. § 6106, and prohibits anyone under the age of twenty-one from obtaining a license, 18 Pa. Cons. Stat. Ann. § 6109(b). Glover does not dispute the officers' reasonable belief that Glover was concealing a firearm, but argues the District Court clearly erred by finding arresting-Officer Moon knew Glover to be under the age of twenty-one.

The Government contends this argument is waived. Glover's motion to suppress argued that "no reasonable suspicion . . . supported the police seizure of [Glover's] firearms" and that "[n]o credible basis existed for either Mr. Moon or Mr. Denis to believe that Mr. Glover was engaged in criminal activity, posed a threat to himself, or posed a

indicted on multiple federal firearms charges, he pleaded guilty to a single count in a separate information. In exchange for his plea, the Government dismissed the indictment. Glover filed a notice of appeal in his now-dismissed case, docketed in this Court as Case No. 20-3072. As we lack jurisdiction over that appeal, we will dismiss.

threat to others." (App. at 40.) But those contentions raise only the general issue of reasonable suspicion, not specific, preservable arguments about *why* the officers lacked reasonable suspicion. *United States v. Joseph*, 730 F.3d 336, 337 (3d Cir. 2013); *see also id.* at 340 (distinguishing between "issues" and "arguments," and explaining that the former can encompass "more than one of the latter").

Glover's generalized motion to suppress did not preserve the argument that Officer Moon lacked reasonable suspicion that Glover was under twenty-one.

## B. Reasonable Suspicion

But even assuming this argument is not waived, the District Court did not err. Reasonable suspicion considers the totality of the circumstances, requiring "less than probable cause, but . . . 'at least a minimal level of objective justification for making the stop.'" *Whitfield*, 634 F.3d at 744 (quoting *Wardlow*, 528 U.S. at 123). And since Glover challenges the District Court's factual finding that Officer Moon did not know that Glover was under twenty-one, we will affirm unless the finding is clearly erroneous.

Glover focuses on the factual basis for one part of Officer Moon's testimony basing his knowledge of Glover's age on conversations with police detectives. But the District Court did not rely solely on that exchange, noting, for example, that "Moon also had developed his own intelligence on Glover through watching Glover's music videos posted to Facebook and YouTube." (App. at 5.) Although Glover disputes that conclusion, it is not without support, and certainly not clearly erroneous. The District Court properly denied Glover's motion to suppress.

### III. CONCLUSION

4

For these reasons, we will affirm the District Court in Case No. 20-3076, and dismiss the appeal in Case No. 20-3072.